**Albert BARRON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14984.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Brown, Brown & Brown, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder and Duane Lobaugh, Asst. Attys. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

This is an appeal from a conviction in the County Court of Pittsburg County, Oklahoma, wherein plaintiff in error, hereinafter referred to as defendant, Albert Barron was convicted by a jury for the crime of Operating a Motor Vehicle While Under The Influence of Intoxicating Liquor. He was found guilty and the jury fixed his punishment at 90 days in the Pittsburg County Jail and a fine of $300 and court costs.

Defendant was apprehended for the offense when he was involved in an automobile accident in McAlester, Oklahoma. He was driving an "Opel Kadet" automobile which had been reported stolen. After conducting his investigation of the accident, the arresting officer concluded that defendant was under the influence of in-

toxicating liquor and therefore arrested him on a charge of Driving While Under The Influence Of Intoxicating Liquor.

In his Motion for New Trial defendant cited sixteen errors on which he premised his motion, and in his brief he argues those errors under four propositions. The first proposition complains of the prosecuting attorney's closing argument, and that the prosecutor introduced photographs of the vehicle while defendant was driving when the accident occurred even though counsel for defendant offered to stipulate that such vehicle was being driven by defendant at the time the accident occurred. The closing arguments of counsel were not recorded by the court reporter; however, the record before the Court reflects that during the argument on defendant's motion for new trial, the court remarked to defense counsel concerning the prosecutor's remarks to the jury, "I will side with you to the extent that he made some remark to the effect—'that if you fail to convict this defendant, you are releasing him to go and kill some little boy on a bicycle again.'"

There is no evidence in the record that defendant had ever run over and killed a boy on a bicycle, and such being the case, we must take the same position this Court took in Sharkey v. State, Okl.Cr., 329 P.2d 682 (1958), wherein this Court reiterated that notwithstanding the fact that the closing arguments of the prosecutor were not recorded, when it is obvious from the remarks made by the trial judge that the prosecutor had gone far afield from the evidence, such can no doubt arouse the passions and prejudices of the jury.

In his second proposition, defendant asserts that the trial court committed error in various rulings, and decisions made during defendant's trial all of which were properly objected to by defendant. After reviewing the record in its entirety, we conclude that the trial court did not commit error in the rulings and decisions made during the proceedings of defendant's trial. See Puckett v. State, Okl.Cr., 363 P.2d 953 (1961).

Defendant's third proposition is likewise without merit under the facts of this case. The record reflects that it was not until after the investigating officer had completed his investigation of the accident that he concluded defendant was under the influence of intoxicating liquor. The officer testified, that when defendant got out of the vehicle he attempted to pull the fender off the car wheel and fell backwards. The officer said, "Mr. Barron, I believe you have had too much to drink,"—to which the defendant replied, "I believe I have had a few." It is logical to conclude that it was at that time the officer reached a decision to arrest the defendant because of his intoxication. The officer did not indicate any suspicions of defendant's condition of intoxication until he replied to the officer's remarks.

Proposition four complains that the court reporter did not take down the prosecutor's closing arguments after counsel entered his request in an "under-tone" that such be done. The responsibility is upon defense counsel to make certain that proper instructions are given to the court reporter to transcribe the closing arguments of the prosecutor. When that is not properly done, this Court will not predicate a reversal on defense counsel's failure.

After having considered the entire record of this case, we conclude that the judgment finding the defendant guilty of the offense of Driving While Under The Influence of Intoxicating Liquor should be affirmed; however, for the same reason stated in Sharkey v. State, *supra,* the sentence herein should be modified.

IT IS THEREFORE THE ORDER OF THIS COURT that the sentence imposed in case number 11,066, in the County Court of Pittsburg County, Oklahoma, wherein defendant was sentenced to serve 90 days in the Pittsburg County Jail and pay a fine of $300, is hereby modified to 30 days confinement in the County Jail and a fine of $50 plus court costs, and as modified, judgment and sentence is affirmed.

BUSSEY, and NIX, JJ., concur.